IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60304
Conference Calendar

_____


OWEN NELSON,

                                        Plaintiff-Appellant,

versus

STEVE W. PUCKETT; J. MELTON; CO-II MEGEE;
SGT. PORTER; CO-II CUMMINGS; CO-II LOOTS,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:96-CV-318 D-B
- - - - - - - - - -
April 8, 1998

Before JOLLY, JONES, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

     Owen Nelson, Mississippi prisoner #44870, appeals from the

dismissal of his prisoner civil-rights action as frivolous.

Nelson contends that the defendants deprived him of his right of

access to the courts and deprived him of due process when they

seized the legal material he was using for his own and for other

prisoners' cases.  Nelson also contends that he should have been

allowed to amend his complaint.  Nelson failed to file timely

objections to the magistrate judge's report and recommendations;

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

consequently, our review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc)(footnotes omitted).

Regarding Nelson's contention that he was deprived of his right of access to the courts based on the seizure of other prisoners' legal material, we have reviewed the record and Nelson's brief and we find Nelson's contention frivolous for essentially the reasons relied upon by the district court. *Nelson v. Puckett*, No. 4:96-CV-318 D-B (N.D. Miss. Mar. 18, 1997). Nelson has failed to demonstrate prejudice regarding his contention that he was deprived of his right of access to the courts based on the seizure of his own legal material. *Mann v. Smith*, 796 F.2d 79, 84 (5th Cir. 1986). Regarding Nelson's contention that he was deprived of due process, Nelson conceded that most of the seized material was returned to him. Moreover, Mississippi provides adequate post-deprivation remedies. *Nickens v. Melton*, 38 F.3d 183, 184-86 (5th Cir. 1994). Finally, Nelson has failed to brief his contention that he should have been allowed to amend his complaint. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Nelson's appeal is without arguable merit and therefore is frivolous. *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

APPEAL DISMISSED. 5TH CIR. R. 42.2.